IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EMMA J. ROBINSON | § | |
| | § | |
| v. | § | Case No. 6:11-cv-073 |
| | § | |
| JARVIS CHRISTIAN COLLEGE | § | |

**MEMORANDUM ORDER AND OPINION**
**DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AND MOTION TO STRIKE**

## I. Introduction

Plaintiff Emma J. Robinson brought this case against her former employer, Jarvis Christian College (the College), alleging that the College demoted her because of her age in violation of the Age Discrimination in Employment Act (ADEA). The College moved for summary judgment claiming that it had legitimate, nondiscriminatory reasons for reassigning Robinson. Robinson responded to the motion for summary judgment, and the College moved to strike portions of Robinson's response. For the reasons discussed below, the College's motion for summary judgment is **DENIED**. Furthermore, the College's motion to strike is **DENIED** as moot.

## II. Factual and Procedural Background

Plaintiff Emma J. Robinson began working for the College in 1975. In 1979, Robinson became executive administrative assistant to the president of the College. Robinson has a bachelor's degree and has also received formal secretarial training. Robinson served as executive assistant administrative assistant to the president from 1979 until April 2010. During this time, she worked for five presidents of the College, including Dr. Cornell Thomas. In January 2009, Thomas became president of Jarvis Christian College. Robinson was Thomas's

executive administrative assistant from the time he was hired until April 2010, when Robinson was reassigned to be the administrative associate for advanced services. Robinson's reassignment resulted in a pay reduction of more than $15,000 per year. Robinson received a positive performance review from Thomas approximately two months before her reassignment. She received the highest score in all but one of the categories in which she was evaluated.

Judy Fields replaced Robinson as executive administrative assistant to the president. Previously, Fields worked for the College as the administrative associate for advanced services—the position to which Robinson was reassigned. Fields is approximately fifteen years younger than Robinson, does not have a bachelor's degree, and had been employed by the College for only two years prior to replacing Robinson. Fields worked for approximately eighteen years in various customer service and clerical positions before working at the College.

The parties offer conflicting statements regarding the reasons for Robinson's reassignment. Thomas claims that Robinson came into his office on at least two occasions to express displeasure with the changes he was making at the College. According to Thomas, Robinson did not like Thomas's preference for email communication and did not agree with the personnel changes he was making. Thomas also claims that he received reports that Robinson was complaining to others about those issues. Thomas stated that he felt Robinson would not support the changes he was making at the College and that he could no longer trust Robinson with confidential information. In contrast, Robinson claims that she was reassigned because Thomas wanted to replace her with a younger employee. According to Robinson, Thomas's reasons for reassigning her are pretextual because she is better qualified than her replacement.

After Robinson was reassigned, she filed a complaint with the Equal Employment Opportunity Commission (EEOC). After reviewing Robinson's allegations, the EEOC

determined not to take any action against the College and informed Robinson of her right to sue. Robinson filed this action and the College moved for summary judgment.

### III. Legal Standard

#### a. Summary Judgment Standard

The Court should grant a motion for summary judgment if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 411 (5th Cir. 2008). A fact is material if it might affect the outcome of the suit under the governing law. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Sossamon*, 560 F.3d at 326. When ruling on a motion for summary judgment, the Court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Sossamon*, 560 F.3d at 326.

Under Rule 56, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) (internal quotation omitted). If the moving party fails to meet this initial burden, the motion must be denied regardless of the nonmovant's response. *Id.* (internal quotation omitted). If the movant meets the burden, however, Rule 56 requires the opposing party to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.

*Anderson*, 477 U.S. at 256; *U.S. ex rel. Farmer v. City of Houst.*, 523 F.3d 333, 337 (5th Cir. 2008); *EEOC v. Tex. Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996). The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita*, 475 U.S. at 586–87; *U.S. ex rel. Farmer*, 523 F.3d at 337; *Duffie*, 600 F.3d at 371.

## IV. Discussion

The Age Discrimination in Employment Act (ADEA) prohibits employment actions that "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." *See* 29 U.S.C. § 623(a)(1). To establish an ADEA claim, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009).

It is apparent from Robinson's pleadings and exhibits that she has no direct evidence of age discrimination. Robinson's ADEA claim rests entirely on circumstantial evidence. "A plaintiff relying on circumstantial evidence must put forth a prima facie case, at which point the burden shifts to the employer to prove a legitimate, non-discriminatory reason for the employment decision." *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007). "If the employer articulates a legitimate, non-discriminatory reason for the employment decision, the plaintiff must then be afforded an opportunity to rebut the employer's purported explanation, to show that the reason given is merely pretextual." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (citing *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378-79 (5th Cir. 2010)).[1]

---

[1] Where an employer has allegedly demoted an employee, the employee can establish a prima facie case of age discrimination by showing that (1) she suffered a demotion; (2) she was qualified for the position she occupied; (3)

The College does not contest Robinson's ability to establish a prima facie case.  Instead, the College argues that even if Robinson can establish a prima facie case, the College had legitimate, non-discriminatory reasons for reassigning Robinson that Robinson has not rebutted.

### a. Legitimate non-discriminatory reasons

The College articulates two legitimate, nondiscriminatory reasons for Robinson's reassignment.  First, Thomas believed that Robinson was "too tied" to the prior administration and would not support the changes that he wanted to make at the College.  Second, because of reports he received about Robinson complaining about his policies and changes at the College, Thomas developed a distrust of Robinson and did not want to entrust her with the confidential information to which she would be exposed as his assistant.  The College claims that the decision to reassign Robinson was not related to her age.

These are legitimate, nondiscriminatory reasons for Robinson's reassignment, and the burden now shifts to Robinson to demonstrate that these reasons are pretextual.

### b. Pretext

A plaintiff may show pretext "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Jackson*, 602 F.3d at 378-79 (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).  To establish pretext, Robinson "must put forward evidence rebutting each of the nondiscriminatory reasons [the defendant] articulates."  *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001)). Nevertheless, a showing that Robinson was "clearly better qualified" (as opposed to merely better or as qualified) than her replacement is sufficient to show that the College's reasons for reassigning Robinson were pretextual.  *See Moss*, 610 F.3d at 922.  To show that she

---

she was within the protected class at the time of the demotion; and (4) she was replaced by someone not within the protected class.  *See Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir. 2000).

was clearly better qualified, Robinson must present evidence from which a jury could conclude that "no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Deines v. Tex. Dep't of Protective & Regulatory Servs.,* 164 F.3d 277, 280-81 (5th Cir.1999).

Robinson contends that Thomas's first reason for reassigning her—that she was "too tied" to the previous administration—is false because Robinson worked under five administrations, including President Thomas, and fully supported them all. As for Thomas's second reason, Robinson denies that she complained about Thomas outside of the office before being reassigned. Robinson points to her declaration where she stated that she purposely maintained the confidences of her position. (Pl.'s Decl. ¶ XI). Robinson states that she first complained about Thomas when she filed a grievance against him after being reassigned.

Robinson also argues that she was qualified for the position as executive administrative assistant and that her replacement—Judy Fields—was not qualified. Robinson cites to her bachelor's degree, her more than thirty years of experience as executive administrative assistant at the College, her formal secretarial training, and the positive performance evaluation she received shortly before being reassigned. Robinson also points to Thomas's deposition testimony where Thomas stated that Robinson had better qualifications than Fields. (Thomas Dep. p. 42). Robinson states that Fields does not have a bachelor's degree, had only been at the College for two years when she was promoted, and does not have any experience as an executive administrative assistant.

Based on the evidence provided, a jury could reasonably conclude that Robinson was clearly better qualified than Fields and that the College's reasons for reassigning her were pretextual. In addition to Robinson's education and work history, Thomas himself stated that

Robinson had better qualifications than Fields. Thomas's statement is strong evidence in support of Robinson's pretext argument. As a result, summary judgment in favor of the College is not proper.

V. **Conclusion**

For the reasons set forth above, it is ORDERED that the College's motion for summary judgment (Doc. No. 18) is **DENIED**.

It is further ORDERED that the College's motion to strike (Doc. No. 24) is **DENIED** as moot. The Court's decision does not rely on any of the disputed evidence.

**It is SO ORDERED.**

**SIGNED this 25th day of October, 2011.**

*[signature]*

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE